**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**
_____

CHRISTIAN A. MATHIS,

    Plaintiff,

v.                                      Case No. 06-CV-13298-DT

CITY OF DETROIT, et al.,

    Defendants.
_____/

**ORDER GRANTING IN PART AND DENYING AS MOOT IN PART
DEFENDANT CITY OF DETROIT'S "MOTION TO COMPEL"**

Pending before the court is Defendant[1] City of Detroit's "Motion to Compel Response to Series 1 Interrogatories, Compel Response to Series 1 Production Requests, Compel Response to Series 2 Production Requests and Compel Appearance for Independent Medical Evaluation." Plaintiff Christian Mathis filed his complaint in this matter on July 20, 2006, alleging six counts stemming from his allegedly unlawful arrest and detention by Defendants. (*See generally* Pl.'s Compl.) On June 15, 2007, Defendants served upon Plaintiff their series 1 interrogatories and series 1 and 2 production requests. (Def.'s Mot. at 2.) On June 18, 2007, Defendants served notice demanding Plaintiff's appearance for a medical evaluation scheduled for July 11, 2007 in Ann Arbor. (*Id.*) Because Plaintiff appeared at the examination one half hour late, the examination could not proceed. (*Id.*)

---

[1]Although the motion in question is styled as "Defendant City of Detroit's Motion," the discovery requests appear to have been sent by Defendants collectively, and the remedy sought in the motion appears to be on behalf of Defendants collectively.

On August 24, 2007, Plaintiff filed his response to Defendant's motion to compel. Plaintiff maintained that some of the items requested were not within his power or control. (Pl.'s Resp. at 2.) Plaintiff also asserted that Defendants' attempts to schedule an independent medical evaluation in Ann Arbor, in light of the fact that Plaintiff is a resident of Detroit, Defendant police officers are agents, and likely residents, of Detroit, and Detroit contains several fine medical institutions, "can only be viewed as attempts to harass and intimidate the Plaintiff." (*Id.* at 4.) Regarding Plaintiff's late arrival to his medical evaluation, Plaintiff argues that, even had he arrived on time, the evaluation would never have taken place because the evaluating doctor left the premises before the evaluation was scheduled to occur. (*Id.* at 3.) Plaintiff maintains that he does not object to a medical evaluation generally, he only objects to one that would be a considerable distance away from his residence. (*Id.* at 4.) Along with his response, Plaintiff also submitted answers to Defendants' series 1 interrogatories, and responses to Defendants' series 1 and series 2 production requests. (Pl.'s Resp. at 2.)

With respect to the merits of Defendant's motion to compel, the court first notes that the portion of Defendant's motion seeking to compel responses to Defendants' interrogatories and production requests is now moot, as Plaintiff provided those answers and documents along with his response. Nevertheless, the court is mindful of the fact that Plaintiff's responses were untimely. Pursuant to Federal Rules of Civil Procedure 33(b)(3) and 34(b), Plaintiff's answers to interrogatories and responses to production requests were due within 30 days of being served with such requests. Plaintiff did not submit his answers to interrogatories or responses to production requests until August 24, 2007, in violation of Rules 33(b)(3) and 34(b). In light of

Plaintiff's rather significant delay, and in the absence of good cause for his late compliance, the court finds that Defendant City of Detroit is entitled to an award of costs and attorneys' fees associated with preparing and filing its motion to compel.

With respect to the issue of the medical evaluation, the court is not persuaded that Defendants' choice to have the medical evaluation proceed in Ann Arbor is an effort to harass and intimidate Plaintiff. Furthermore, the court does not find that requiring Plaintiff to travel from Detroit to Ann Arbor for the evaluation is unreasonable or unduly burdensome. Accordingly,

IT IS ORDERED that Defendant's "Motion to Compel" [Dkt. # 12] is GRANTED IN PART and DENIED AS MOOT IN PART for the reasons stated above.

IT IS FURTHER ORDERED that Plaintiff shall attend an independent medical evaluation at a date, time and place to be determined by Defendants.[2] The evaluation shall be in accordance with Federal Rule of Civil Procedure 35.

IT IS FURTHER ORDERED that Plaintiff shall pay Defendant's costs and attorneys' fees incurred in preparing and filing Defendant's motion to compel. If the parties are unable to file a stipulation regarding attorneys' fees and costs, Defendant

---

[2]Plaintiff is cautioned that failure to comply may result in sanctions, including limitations on evidence or claims. *Freeland v. Amigo,* 103 F.3d 1271, 1273 (6th Cir. 1997).

shall submit an affidavit and detailed supporting documentation evidencing such reasonable attorneys' fees and costs on or before **September 19, 2007**. Plaintiff may file objections, if any, by **September 26, 2007.**

          S/Robert H. Cleland  
          ROBERT H. CLELAND  
          UNITED STATES DISTRICT JUDGE

Dated: September 6, 2007

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, September 6, 2007, by electronic and/or ordinary mail.

          s/Lisa G. Wagner  
          Case Manager and Deputy Clerk  
          (313) 234-5522